

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RODNEY NATHANIEL BOONE, §
　　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　　§
v. § No. 4:15-CV-630-A
　　　　　　　　　　　　　　　§
LORIE DAVIS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　　§
　　　　　Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rodney Nathaniel Boone, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

In 2012 petitioner was indicted in Tarrant County, Texas, for possession of a controlled substance, heroin, of four grams

---

[1] Lorie Davis has replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

or more but less than two-hundred grams with the intent to deliver. (SH15 - WR-54,131-05, 81, ECF No. 16-20.) The indictment also included a habitual-offender notice, alleging two prior felony convictions. (Id.) On June 19, 2013, after a jury found petitioner guilty on a separate drug-related offense in Case No. 1289758D, petitioner entered a guilty plea pursuant to a plea agreement in the instant case, the state waived the habitual-offender notice, and petitioner was sentenced to fifteen years' confinement, the sentence to run concurrently with his 30-year sentence in Case No. 1289758D. (Id. at 75-78, 83; SH15-WR-54,131-05, Supp. R., 2-4, ECF No. 16-19.) Petitioner appealed his conviction and/or sentence, but the Second District Court of Appeals dismissed the appeal on the basis that petitioner had no right of appeal in a plea-bargained case. (Mem. Op. 2, ECF No. 16-5.) Petitioner also filed three state habeas-corpus applications challenging his conviction and/or sentence. The first two were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court and the third was dismissed as successive. This federal habeas petition followed.

## II. Issues

Petitioner raises a plethora of claims for relief in his

various pleadings before the court. His claims are addressed as thoroughly as practical and appear to fall within the following general categories:

> (1) Fourth Amendment violation;
> (2) Defective indictment;
> (3) Trial court error;
> (4) Insufficient evidence;
> (5) Actual innocence;
> (6) Involuntary plea;
> (7) Ineffective assistance of trial counsel;
> (8) Prosecutorial misconduct; and
> (9) Denial of a full and fair evidentiary hearing.

(Orig. Pet. 1-3, ECF No. 1; Form Pet. 6-7, ECF No. 6; Pet'r's Mem. 1-11, ECF No. 7; Pet'r's Supp. Pet. 1-6, ECF No. 19; Pet'r's Reply 1-9, ECF No. 26.) To the extent petitioner's claims involve matters or events related to his jury trial proceedings and resultant conviction and sentence in Case No. 1289758D, the claims are neither relevant to nor considered in the context of his guilty plea in the instant case. Petitioner challenged his conviction and sentence in Case No. 1289758D in this court in Case No. 4:14-CV-945-A, to no avail.

### III. Rule 5 Statement

Respondent does not believe that the petition is barred by limitations or subject to the successive-petition bar. (Resp't's Answer 4, ECF No. 21.) 28 U.S.C. §§ 2244(b), (d) & 2254(b)(1). She does however reserve the right to raise the defense of

3

exhaustion, and she asserts that the court should not consider petitioner's evidence in the form of the "Sworn Statement of Seizing Officer" under *Cullen v. Pinholster,* 563 U.S. 170 (2011), because the evidence was not properly presented in the state courts. (*Id.* at 6-10.)

IV. Discussion

A. Legal Standard for Granting Habeas Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington,* 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v.*

*Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as in this case, it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

B. **Voluntariness of Petitioner's Guilty Plea**

Under the sixth claim, enumerated above, petitioner contends

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

that his guilty plea was involuntary. By entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, intelligent, and voluntary if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, intelligent, and voluntary, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

Petitioner asserts that his guilty plea was involuntary due to his trial counsel's assertion that petitioner would be found guilty as a result of his co-defendant James Young's statement and petitioner's criminal history; counsel's erroneous advice that petitioner could appeal his 15-year sentence; and counsel's instruction to sign "waivers [petitioner] didn't know he was signing." (Pet'r's Mem. 1-4, 7, ECF No. 7.) Petitioner also asserts that his plea was involuntary because it was induced by a

6

combination of fear and coercive prosecutorial tactics and the trial court's threat to stack his sentences if he proceeded to trial. (*Id.* at 5-6, 9.)

Petitioner was represented at trial by Brian Walker. During the state habeas proceedings, counsel responded to petitioner's claims, including his claims of ineffective assistance of counsel, by affidavit as follows, in relevant part:

> I am Brian Walker, an attorney who was appointed to previously represent Rodney Boone. I have received his Writ claims that I was ineffective in my representation of him last year in his criminal matters that were handled in Criminal District Court 2 of Tarrant County. I was appointed to represent Mr. Boone on two criminal cases. In both cases, Mr. Boone was charged with living in "drug houses" where he "sold drugs." I represented Mr. Boone in a jury trial on one charge of Possession with Intent to Deliver in June of 2013. Prior to trial, there were discussions on the record pertaining to a possible open plea to both charges. During those discussions, the trial judge did nothing wrong in my estimation. Although Mr. Boone claims . . . that the "judge himself set terms demanding an immediate submission or he threatened to stack the time upon a conviction if a prosuit (sic) for trial was made," Judge Salvant only advised Mr. Boone of his rights on both of his criminal cases and what possible outcomes could be had depending on what avenues Mr. Boone chose to pursue.
>
> Once the first sentence was announced, Mr. Boone was offered a deal on the second case to get it wrapped up. He was calm, collected, and was made fully aware of his options. He was advised of his appellate rights on the jury verdict, and the fact that he would not be able to pursue an appeal if he took a plea bargain on the second charge. He chose to appeal the jury verdict,

have me represent him on appeal for that charge, and to
waive appeal and accept the 15 year plea bargain on the
second charge. All of this was handled in great detail
on the record, and he made these decisions freely and
voluntarily without any sort of coercion or duress.

Overall my performance in both cases, and on appeal,
was beyond effective. I was not ineffective in any way
but was very thorough, diligent, and zealous in my
representation of Mr. Boone.

(SH15 55, ECF No. 16-20.)

Based on counsel's affidavit, his own recollection of the plea proceedings, and the documentary record, the state habeas judge entered the following relevant factual findings on the issue of voluntariness:

10. Mr. Walker advised the applicant regarding his potential legal options, including proceeding to trial, entering an open guilty plea or reaching a plea agreement with the State.

   . . .

13. Mr. Walker advised the applicant regarding the consequences of accepting the State's plea bargain offer.

14. The applicant voluntarily chose to accept the State's fifteen-year plea bargain.

15. Mr. Walker did not coerce the applicant into accepting the State's plea bargain offer.

   . . .

18. Mr. Walker fully advised the applicant regarding the applicable case law and his legal options.

8

19. Prior to accepting the applicant's guilty plea, the trial court fully admonished him regarding the waiver of his rights and the consequences of that plea.

20. The trial court's written plea admonishments tracked the statutory requirements for accepting a plea that is freely and voluntarily entered.

21. The applicant signed that he had read and understood the written plea admonishments given to him by the Court.

22. The applicant signed that he was aware of the consequences of his guilty plea.

23. The applicant signed that he was satisfied with the representation of his attorney, and that his attorney had provided fully effective and competent representation.

24. The applicant waived all rights given to him under law, including his right to the appearance, confrontation and cross-examination of witnesses, and consented to oral and written stipulations of evidence.

25. Mr. Walker reviewed the plea paperwork with the applicant, including the court admonishments and waiver of rights, before he entered his guilty plea.

26. The applicant signed and entered a judicial confession admitting all the allegations alleged in the indictment.

27. The applicant's guilty plea was freely, knowingly and voluntarily entered.

(*Id.* at 60-62 (citations to the record omitted).) The state habeas judge also entered factual findings that prior to

9

accepting petitioner's plea, the court fully admonished petitioner as required by state law regarding the waiver of his rights and the consequences of his plea; that petitioner signed that he understood the written plea admonishments and that he was aware of the consequences of his plea; that petitioner presented no evidence showing that he did not receive the requisite statutory admonishments or contradicting his plea attestation that he knowingly and voluntarily entered his guilty plea.[3] (*Id.* at 68-69.) Based on his findings, the state habeas judge concluded that petitioner entered his guilty plea, without being coerced to do so, knowingly, voluntarily and intelligently based on proper and adequate advice of counsel. In turn, the Texas Court of Criminal Appeals denied habeas relief based on the habeas court's findings.

Having reviewed the record in its entirety, the state court's adjudication of the issue is neither contrary to or an

---

[3]The court notes that in the state habeas proceedings in WR-54,131-06, the trial court also entered relevant findings on the issue of voluntariness, including a finding that counsel "specifically advised the applicant that he would be able to appeal his conviction if he accepted the State's plea bargain offer." (SH6, WR-54,131-06, 50, ECF No. 16-22.) This finding is clearly erroneous. Trial counsel testified that he informed petitioner that he would waive his right to appeal if he agreed to the plea bargain, the trial court credited counsel's testimony, and petitioner acknowledged, by signing the written plea admonishments, that he gave up and waived any and all rights of appeal in the case. (SH5, WR-54,131-05, 77, ECF No. 16-20; Resp't's Answer 17, ECF No. 21.)

unreasonable application of relevant Supreme Court precedent and is reasonable given the evidence before the court. There is no credible evidence that counsel improperly advised petitioner regarding his rights, waivers, and the consequences of his plea. Nor is there evidence that petitioner was coerced by counsel, the prosecution, or the trial court by the threat of stacked sentences or other tactics. The threat of stacked sentences was real and any such advice, threat, and/or admonishment given petitioner was accurate. Petitioner fails to present clear and convincing evidence rebutting the state court's findings, and nothing in the record suggests that trial counsel erroneously advised petitioner or that trial counsel, the state, its agents, or the judge used coercion or threats to induce petitioner's plea. Thus, applying the appropriate deference, and having reviewed the state court records, petitioner has not demonstrated that the state courts' determination of the issue is contrary to or an unreasonable application of relevant Supreme Court precedent or unreasonable in light of the evidence before the state courts. Petitioner's representations during the plea proceedings "carry a strong presumption of verity," and the official records, signed by petitioner, his counsel and the state trial judge are entitled to a presumption of regularity and are

accorded great evidentiary value. *Blackledge*, 431 U.S. at 74; *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974). Petitioner's claims, after the fact, unsupported by legal authority or evidence, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D.Tex. 1999) (same).

**C. Wavier**

Deferring to the state courts' determination that petitioner's plea was valid, claims one, two, three, four, seven, and eight, to the extent not addressed above, involving matters preceding his guilty plea are waived. *See United States v. Broce*, 488 U.S. 563, 569-70 (1989) (by entering a voluntary guilty plea, a criminal defendant concedes his guilt and waives his right to demand any constitutionally sufficient evidence to sustain his conviction); *United States v. Boykin,* 395 U.S. 238, 243 (1969) (by entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers"); *United States v. Wise*, 179

F.3d 184, 186 (5th Cir. 1999) (Fourth Amendment violation waived by valid guilty plea); *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (same); *Murray v. Collins*, 981 F.2d 1255, 1992 WL 387015, at *3 (5th Cir. 1992) (claim that prosecutor and peace officers engaged in misconduct waived by valid guilty plea); *Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (a person who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (ineffective-assistance-of-counsel claims not related to voluntariness of the plea and sufficiency-of-the-evidence challenges waived by valid guilty plea).

**(D) Actual Innocence**

Under the fifth claim, petitioner contends that he is actually innocent based on newly discovered evidence. "Actual innocence" is not an independent ground for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson*, 230 F.3d 733, 741-42 (5th Cir. 2000). The Supreme Court reaffirmed in *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1931 (2013), that it has not resolved whether a prisoner may be entitled to habeas corpus relief based on a freestanding claim of actual

13

innocence. Until that time, such a claim it not cognizable on federal habeas review.

F.  *State Habeas Proceedings*

Finally, under the ninth claim, petitioner asserts that in all of his state habeas proceedings he was denied a full and fair hearing because his state habeas applications were either denied or dismissed without written order or oral argument. (Pet. 7, ECF No. 6.) Alleged deficiencies in state habeas proceedings are not a basis for federal habeas relief. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Further, a paper hearing is sufficient to afford a petitioner a full and fair hearing, especially where, as here, the trial judge and the state habeas judge are one and the same. *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

For the reasons discussed,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not

made a substantial showing of the denial of a constitutional right.

SIGNED April 26, 2017.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE